UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRIAN STEENHARD,<br>        Plaintiff,<br><br>    vs.<br><br>KIRIL BASARGIN, EVDOKAYA BASARGIN, NAZARY BASARGIN, INFINITE ENTERPRISES, LLC, and INFINITE LEGACY ENTERPRISES, LLC, in personam; the F/V OCEAN RANGER, Official Number 945078, her engines, machinery, appurtenances and cargo, in rem;<br>        Defendants | Case No.:<br><br>AT LAW AND AT ADMIRALTY<br><br>**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR WAGES, MAINTENANCE AND CURE, PUNITIVE DAMAGES AND ATTORNEY FEES--ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. §1916** |

    COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, Brian Steenhard, brings and maintains this action pursuant to 28 U.S.C. §1333, the Jones Act (46 U.S.C. §30104), U.S. Const. Art. III, sec. 2, and the general maritime law.

2. Plaintiff is a resident of the state of Washington.

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. §1916 to proceed without prepayment of costs or fees.

4. Defendants herein, Kiril Basargin, Evdokaya Basargin, Nazary Basargin, Infinite Enterprises, LLC, and Infinite Legacy Enterprises, LLC are individuals, or corporations existing under and by virtue of the laws

SEAMAN'S COMPLAINT
CASE NO.

**John W. Merriam**
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ◆ F (206) 729-1012

1
Case 3:15-cv-00183-HRH   Document 1   Filed 05/06/15   Page 1 of 4

of a state or states unknown to plaintiff, and at all times herein mentioned were acting by and through their officers, agents, servants, employees and representatives, and on information and belief are doing business in the Western District of Washington.

5. The F/V Ocean Ranger, Official Number 945078, is a 32-foot vessel of 27 gross tons documented by the United States. Said vessel will be found in the Western District of Washington during the pendency of this action. During all times herein mentioned said vessel was owned or bareboat chartered by the defendants, and was engaged in maritime commerce.

6. At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of said vessel, acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

7. On or about December 9 or 10, 2014, plaintiff suffered a puncture wound to his left hand from a fish spine. The injury was aggravated by improper medical treatment aboard the vessel by owner Kiril Basargin.

8. On or about December 11, 12 or 13, 2014, plaintiff fell and injured his left shoulder.

9. Plaintiff left the vessel with injuries in Kodiak, Alaska on December 14, 2014 and flew to his home in the Spokane area of Washington.

10. Defendants had plaintiff sign a contract of employment that purportedly waived plaintiff's rights to maintenance and cure.

11. Defendants have paid neither maintenance nor any of plaintiff's medical bills to date. Plaintiff demands maintenance from the defendants in a per diem amount to recuperate on land with room and board at least equal to that received on defendants' vessel, until the plaintiff reaches maximum cure or is declared fit-for-duty, whichever last occurs. Plaintiff further demands the actual cost of his cure until fully cured; and if never cured plaintiff demands the cost of cure for the remainder of his natural life.

12. Maintenance and cure has been demanded and not timely paid. The failure to pay maintenance and cure has caused additional damages to the plaintiff whether or not the failure to pay was reasonable under the

SEAMAN'S COMPLAINT
CASE NO.

**John W. Merriam**
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ◆ F (206) 729-1012

2
Case 3:15-cv-00183-HRH   Document 1   Filed 05/06/15   Page 2 of 4

circumstances. Plaintiff is entitled to compensatory damages--including contingent attorney fees--for the negligent failure to pay maintenance and cure. Plaintiff is entitled to reasonable attorney fees for the arbitrary and capricious failure to pay maintenance and cure. Plaintiff is entitled to punitive damages for the willful and wanton failure to pay maintenance and cure.

13. On December 8, 2014, plaintiff signed a contract of employment with the defendants to work as deckhand for the 2014 Pacific Cod season at a crewshare of 15%. Defendants failed to timely provide an accurate accounting of the catch as required by 46 U.S.C. §10602. Plaintiff demands earned and unearned wages at a crewshare of 17% in consequence of violation of that statute.

14. Plaintiff left his personal gear aboard the vessel when he debarked for medical treatment in Kodiak, Alaska. Said personal gear has not been returned by the defendants. Plaintiff claims compensation due for the fair market value of his personal gear not returned by defendants.

15. Eighty-nine (89) days following the filing of this action, plaintiff waives the physician-patient privilege, under protest, and only on condition that the Court holds that a waiver is required in this case. This waiver is made pursuant to RCW 5.60.060(4)(b), as amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules. Specifically, plaintiff authorizes no ex-parte contacts or inquiry to medical personnel regarding matters not reasonably calculated to lead to the discovery of admissible evidence. This waiver is made subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy grounds, and the applicability of said statute to federal causes of action brought in federal court.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3. For maintenance and cure, and for consequential and punitive damages for failure to pay same;

SEAMAN'S COMPLAINT
CASE NO.

**John W. Merriam**
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ◆ F (206) 729-1012

3

4. For earned and unearned wages at a 17% crewshare, and double wage penalties;

5. For compensation for plaintiff's personal gear not returned by defendants;

6. For pre-judgment interest on all claims as is in the law provided;

7. For costs of suit and reasonable attorney fees;

8. For such other and further relief, including punitive damages, as is met and just in the circumstances.

DATED this <u>6th</u> day of May 2015.

LAW OFFICE OF JOHN MERRIAM
LAW OFFICE OF GORDON WEBB

By: _____s./J. Merriam_____
John Merriam, WSBA#12749
Attorney for Plaintiff
4005 20th Avenue West, Suite 110
Seattle, WA 98199
Telephone: (206) 729-5252
Fax: (206) 729-1012
E-mail: john@merriam-maritimelaw.com

I am the attorney for the plaintiff in this action and have knowledge of the matters asserted in the above complaint based upon information provided by the plaintiff.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the allegations of the above complaint are true and correct to the best of my knowledge and belief.

Dated at Seattle, Washington this <u>6th</u> day of May 2015.

_____
John Merriam

SEAMAN'S COMPLAINT
CASE NO.

**John W. Merriam**
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ◆ F (206) 729-1012

4

Case 3:15-cv-00183-HRH   Document 1   Filed 05/06/15   Page 4 of 4